UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IVAN BASSETT,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF BUTTE, et al.,<br><br>    Defendants. | No.  2:21-cv-01025-MCE-KJN<br><br>**ORDER** |

Presently before the Court is Plaintiff Ivan Bassett's ("Plaintiff") Ex Parte Application for Extension of Discovery Deadlines in which Plaintiff seeks a 60-day extension of the current discovery deadlines to "allow sufficient time for [P]laintiff to complete witness depositions as well as to retain the appropriate experts in this matter." Pl.'s App., ECF No. 11, at 1.  Defendants County of Butte, Butte County Sheriff's Office, and Sheriff Kory L. Honea ("County Defendants") oppose this application.[1]  ECF No. 13. For the reasons set forth below, Plaintiff's Ex Parte Application is DENIED.

Plaintiff initiated this action on June 10, 2021, with County Defendants and CFMG each filing Answers to the Complaint.  ECF Nos. 1, 5, 8.  On March 28, 2022, Plaintiff's deposition was taken.  Washington Decl., ECF No. 13-1, at 2 ¶ 6.  Plaintiff served CFMG

---

[1] Defendant California Forensic Medical Group ("CFMG") did not file a response but email correspondence between the parties shows that CFMG does not oppose Plaintiff's request.  See Ex. E, Washington Decl., ECF No. 13-1, at 19.

with a Request for Production of Documents on May 2, 2022.  Ex. 1, Marquez Decl., ECF No. 11, at 10.  Plaintiff followed up with CFMG on July 11, 2022, to inquire about the status of production of documents, with CFMG responding that counsel will "work on them this week."  Ex. 2, id., at 12.  CFMG further informed Plaintiff that it was working on gathering the documents requested by Plaintiff on July 19, 2022.  Ex. 3, id., at 14.  On August 9, 2022, this Court granted the parties' stipulation to continue, in part, the fact discovery deadline to December 16, 2022.  See ECF Nos. 9, 10.  Shortly thereafter, on August 18, 2022, Plaintiff again emailed CFMG asking about the outstanding Request for Production of Documents, but CFMG still did not provide any of the requested documents.  See Ex. 2, Marquez Decl., ECF No. 11, at 12.

On September 22, 2022, County Defendants' counsel emailed Plaintiff's counsel to ask whether Plaintiff intended to depose any County witnesses or conduct further discovery given the December 12 discovery deadline, but Plaintiff did not respond.  Ex. D, Washington Decl., ECF No. 13-1, at 17.  A couple months later, on December 1, 2022, Plaintiff sent CFMG a good faith letter, to which CFMG quickly responded that its counsel had "been busy with other matters and again promising that he will get the records."  Marquez Decl., ECF No. 11, at 5 ¶ 9; Ex. 4, id., at 16.  CFMG finally produced the requested documentation on December 12, 2022.  Ex. 5, id., at 18–19.  One day before the close of fact discovery, on December 15, 2022, Plaintiff's counsel emailed all defense counsel asking if they would agree to a 60-day extension of the discovery deadline in light of CFMG's recent production.  See Ex. E, Washington Decl., ECF No. 13-1, at 18–20.  The following day, on December 16, 2022, the last day to complete fact discovery, Plaintiff notified County Defendants that it sought to take depositions of six individuals, all of whom are County employees.  Ex. F, id., at 21.  County Defendants then notified Plaintiff's counsel by email that they would not agree to an extension.  Ex. G, id., at 22.

Plaintiff argues an extension is necessary because CFMG ignored Plaintiff's Request for Production of Documents, which was served on May 2, 2022, and did not

provide the requested documents until December 12, 2022, four days before the current discovery deadline. As a result, Plaintiff's counsel claims he was "unable to conduct any deposition of the defense witnesses because [they] had zero records from CFMG to allow [them] to investigate what happened with [Plaintiff] after the subject incident occurred," and that "Plaintiff was unable to retain any experts thus far to review the records and provide an opinion as to the Defendants' action(s) in this matter." Marquez Decl., ECF No. 11, at 5–6 ¶¶ 12, 16.

Generally, the Court is required to enter a pretrial scheduling order within 90 days of service of the complaint. Fed. R. Civ. P. 16(b). The scheduling order "controls the course of the action" unless modified by the Court. Fed. R. Civ. P. 16(d). Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but "[t]he court may modify the order issues after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson v. Mammoth Recreations, 975 F.2d 604, 608 (9th Cir. 1992).

Federal Rule of Civil Procedure 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. Id. at 609. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id.; Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment). Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Johnson, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)). If the moving party was not diligent, the Court's inquiry should end. Id.

The Court finds that Plaintiff has not established good cause to extend the discovery deadline. Plaintiff argues that the six County employees could not have been deposed sooner because CFMG did not provide any records "to allow [counsel] to

3

investigate what happened with [Plaintiff] after the subject incident occurred." Marquez Decl., ECF No. 11, at 5 ¶ 12. However, as explained by County Defendants,

> there was no need for Plaintiff to obtain records from CFMG before proceeding with depositions of the County defendants. CFMG is the jail medical provider; its records would be relevant to Plaintiff's medical condition, whereas the depositions Plaintiff seeks to take of County employees concern allegations that a cell door was opened or allowed to be broken open leading to an assault by a fellow inmate. Those allegations were explored in Plaintiff's deposition nearly nine months ago, and the witnesses with relevant knowledge have been known to Plaintiff for even longer.

County Defs.' Opp'n, ECF No. 13, at 2; see Compl., ECF No. 1 ¶¶ 13–19 (alleging correctional officers intentionally and/or negligently unlocked Plaintiff's jail cell door to allow another inmate to attack him). Furthermore, Plaintiff's proposed depositions seek information beyond Plaintiff's medical condition or events taking place after the alleged attack. See Ex. F, Washington Decl., ECF No. 13-1, at 21 (requesting, in part, to take the deposition of one employee who examined the jail cell lock and the deposition of the "last correctional officer who placed [the inmate who allegedly attacked Plaintiff] into his cell before the incident.").[2]

    The Court recognizes that CFMG did not produce the requested documents until seven months after the initial request, but Plaintiff could have filed a motion to compel those documents, something his counsel considered but for whatever reason opted not to do. See Ex. 2, Marquez Decl., ECF No. 11, at 12 ("We are preparing to file our Rule 37 motion to compel and anticipate doing so by the end of next week if there are no responses received.") (email dated August 18, 2022). Ultimately, "Plaintiff has had several months in which to enforce his right to obtain discovery from CFMG including by motion if necessary, and has done little other than to send a reminder to CFMG's

---

[2] In his Reply brief, Plaintiff claims that County Defendants "had a duty to get [their] agent, CFMG, to comply with Plaintiff's request in an expeditious manner since the records being requested belong to the County and are simply in the custody of CFMG as the County's agent and medical provider." ECF No. 14, at 4. This argument is unavailing because CFMG is a separate entity from County Defendants and is represented by separate counsel who had a duty to timely produce its own discovery in response to requests made by Plaintiff.

counsel in July, and another in December just days before the close of discovery." County Defs.' Opp'n, ECF No. 13, at 2.

Based on the foregoing, the Court finds that Plaintiff was not diligent in seeking modification of the scheduling order and thus has failed to show good cause under Federal Rule of Civil Procedure 16(b). Therefore, Plaintiff's Ex Parte Application for Extension of Discovery Deadlines, ECF No. 11, is DENIED.

IT IS SO ORDERED.

Dated: January 13, 2023

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE